**UNITED STATES of America,**
**Appellee,**

v.

**Brent BOYD and Herve Sourati,**
**also known as Brian Sinclair,**
**Defendants–Appellants.**

Nos. 00–1292(L), 00–1338.

United States Court of Appeals,
Second Circuit.

Argued Jan. 5, 2001.

Decided Jan. 16, 2001.

Mark A. Kaplan, Burlington, VT, for defendant-appellant Brent Boyd.

James M. Dingley, Roesler, Whittlesey, Meekins & Amidon, Burlington, VT, for defendant-appellant Herve Sourati.

Gregory L. Waples, Assistant United States Attorney, Burlington, VT, (Charles R. Tetzlaff, United States Attorney for the District of Vermont), for appellee.

Before: FEINBERG, SOTOMAYOR, Circuit Judges, and HAIGHT, District Judge.[*]

PER CURIAM:

Defendants Brent Boyd ("Boyd") and Herve Sourati ("Sourati") appeal from convictions and sentences imposed in the United States District Court for Vermont (William K. Sessions III, *Judge*). Boyd pled guilty to one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 and to four counts of mail fraud in violation of 18 U.S.C. §§ 1341, 2326, and 2. Sourati was found guilty, after a jury trial, of one count of conspiracy to commit mail and wire fraud and of twenty-five counts of mail fraud. The district court sentenced Boyd to 121 months imprisonment and Sourati to 37 months imprisonment. The district court also ordered that both defendants serve three years of supervised release and pay jointly and severally $4,405,800.74 in restitution.

At sentencing, Sourati argued that the district court should consider his ability to pay under the Victims and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 3663, in determining the amount of restitution for which he should be responsible. The district court determined that its authority to order restitution was governed by the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, and not by the VWPA, because defendants' conspiracy continued past the MVRA's effective date.[1] Because the MVRA made restitution mandatory in Sourati's case, the district court ordered Sourati to pay full restitution to all victims, irrespective of his ability to pay.[2]

---

[*] The Honorable Charles S. Haight, Jr., United States District Court for the Southern District Court of New York, sitting by designation.

1. The jury convicted Sourati of a conspiracy that began on or about March 1993 and continued through October 8, 1996. The MVRA became effective on April 24, 1996. 18 U.S.C. § 3663A.

2. In an opinion addressing the sentencing of one of defendants' co-conspirators, we noted that the restitution order was governed by the

On appeal, Sourati contends that the district court's application of the MVRA to him violates the *Ex Post Facto* Clause because the conspiracy for which he was convicted began before the date on which the MVRA became effective.[3] 18 U.S.C. § 3663A. Sourati does not dispute the fact that the conspiracy continued past the MVRA's effective date.

This Court has not directly addressed the issue raised by this case—whether a sentencing court may constitutionally apply the MVRA to defendants whose conspiracies began before, but ended after, the effective date of the statute.[4] In *United States v. Bortnovsky*, 879 F.2d 30 (2d Cir.1989), however, this Court addressed the identical issue with respect to the VWPA, the restitution statute in effect prior to the MVRA. In determining that the district court constitutionally applied the VWPA to defendants whose racketeering conspiracy began before, but ended after, the effective date of the VWPA, this Court reasoned:

> [T]he offenses for which the defendants were sentenced include conspiracy ... and actual participation in a racketeering enterprise. Because the conspiracy and enterprise extended [past the VWPA's effective date], any loss sustained as a result of one of the predicate acts underlying the [racketeering] offenses seems to us to fall within the scope of the [VWPA]. A contrary ruling would improperly treat the predicate acts, rather than the [racketeering] counts, as the offenses for which the defendants were being sentenced.

*Bortnovsky*, 879 F.2d at 42.

Our rationale in *Bortnovsky* compels our conclusion that a sentencing court may constitutionally apply the MVRA to orders of restitution for defendants whose conspiracies began before, but ended after, the MVRA's effective date. We now join our sister Circuit Courts who have reached this same conclusion. *See United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) ("[T]he MVRA applies to an ongoing conspiracy where the conspiracy began before the statute's effective date, but concluded after the statute's effective date."); *United States v. Kubick*, 205 F.3d 1117, 1128–29 (9th Cir.1999) ("[A] statute increasing a penalty with respect to a criminal conspiracy which commenced prior to, but was continued beyond the effective date of the statute, is not *ex post facto* as to that crime ....") (internal quotation marks omitted); *cf. United States v. Wells*, 177 F.3d 603, 610 (7th Cir.1999) (retroactive application of the MVRA does not violate the *ex post facto* clause because restitution is not criminal punishment); *United States v. Nichols*, 169 F.3d 1255, 1279–80 (10th Cir.), *cert. denied*, 528 U.S. 934, 120 S.Ct. 336, 145 L.Ed.2d 262 (1999) (same). For the reasons set forth above, we affirm the district court's application of the MVRA to Sourati's order of restitution.

---

overlapping provisions of the MVRA and 18 U.S.C. § 2327, which provides for mandatory restitution in cases of telemarketing fraud. *United States v. Boyd*, 222 F.3d 47, 49–50 (2d Cir.2000). In that opinion, we did not explicitly address the *ex post facto* issue raised here. Because, as discussed below, the district court permissibly ordered full restitution based on the MVRA, the court also could have ordered full restitution in reliance on 18 U.S.C. § 2327.

3. In a separate summary order filed today, we affirm the district court's judgment with respect to all other issues raised on defendants' appeal.

4. As discussed above, *see supra note 2*, we applied the MVRA to the restitution order of one of defendants' co-conspirators without directly addressing the *ex post facto* issues Sourati now raises. *See Boyd*, 222 F.3d at 49–50.