**Tony WHITE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–5899.

United States Court of Appeals, Sixth Circuit.

June 11, 2003.

### ORDER

Tony White appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A federal jury found White guilty of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, and money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. The district court sentenced White to 78 months of imprisonment and ordered him to pay $1,475,553 in restitution. This court affirmed White's judgment of conviction and sentence. *United States v. Prince,* 214 F.3d 740 (6th Cir.2000).

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

In his motion to vacate judgment, White claimed that:

1) his indictment was obtained in violation of the Fifth Amendment right to a grand jury and in violation of the Federal Rules of Criminal Procedure in that the superseding indictment was not signed by the grand jury foreperson or the United States Attorney;

2) the court abused its discretion and failed to comply with 18 U.S.C. § 3664 when it imposed restitution in the amount of $1,475,553;

3) counsel rendered ineffective assistance in his handling of the restitution issue;

4) 18 U.S.C. § 3553(b) and USSG § 1B1.3 are unconstitutional as applied;

5) 18 U.S.C. §§ 3663 and 3664 are facially unconstitutional and unconstitutional as applied; and

6) the district court lacked subject-matter jurisdiction to impose a 78 month prison sentence and $1,475,553 in restitution.

The district court dismissed White's first, fourth, and sixth claims and directed the United States to respond to claims two and three of the § 2255 motion. After the government's response and supplemental response, the district court denied White's motion to vacate sentence and granted him a certificate of appealability, limited to the claim that trial counsel was ineffective in his handling of the restitution issue. Thereafter, the district court denied White's motion to alter or amend judgment. This court denied White a certificate of appealability with respect to all issues not certified by the district court. On appeal, White reasserts the claim certified by the district court.

In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999).

Upon review, we conclude that White's ineffective assistance of counsel claim is meritless. He claims that his trial counsel was ineffective for failing to challenge the size of the restitution award on the basis of his ability to pay. To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel is not required by the Constitution to raise frivolous defenses or arguments to avoid a charge of ineffective representation. *See Krist v. Foltz,* 804 F.2d 944, 946–47 (6th Cir.1986).

Any objection to the restitution order based on White's inability to pay would have been frivolous because restitution in White's case was mandatory regardless of his ability to pay. Restitution was mandatory in White's case pursuant to the provisions of the Mandatory Victims Restitution Act of 1996 (MVRA). *See* 18 U.S.C. § 2248(b)(4)(A) & (B)(1); 18 U.S.C. § 3664(a) & (f)(1)(A). The provisions providing for mandatory restitution in a case like White's became effective April 26, 1996. White was convicted of criminal acts occurring from or about December, 1992 or early 1993, until at least February 12, 1997. His participation in the conspiracy constituted an ongoing offense. *See United States v. Edgecomb,* 910 F.2d 1309, 1312 (6th Cir.1990). While some of White's criminal activity predated the effective date of the MVRA, *see generally United States v. Boyd,* 239 F.3d 471, 472

(2d Cir.2001) (defining conspiracies that begin prior to April 24, 1996, and continue past that date as "straddle crimes"), the MVRA nevertheless applied to White because it was in effect at the time of sentencing. *See United States v. Hebeka*, 89 F.3d 279, 285 (6th Cir.1996) (applying Sentencing Guidelines to "straddle" crime of food stamp fraud). Thus, counsel was not ineffective for failing to object to the restitution order based on White's inability to pay.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's order of June 5, 2002.