UNITED STATES of America,
Appellee,

v.

Frank MERCADO, Defendant–
Appellant.

Docket No. 03–1089.

United States Court of Appeals,
Second Circuit.

Argued: Nov. 7, 2003.

Decided: Nov. 18, 2003.

Tina Schneider, Portland, ME, for defendant-appellant.

Amy K. Orange, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Gary Stein, Assistant United States Attorney, of counsel), New York, NY, for appellee.

Before: CARDAMONE, SOTOMAYOR, and KATZMANN, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Defendant Frank Mercado appeals from a judgment of the United States District Court for the Southern District of New York (Casey, J.), following his guilty plea and conviction, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C). Mercado pled guilty on September 9, 2002, and was sentenced in January 2003 to concurrent terms of imprisonment of 120 months on the firearm conviction and 151 months on the drug conviction, followed by concurrent three-year terms of supervised release and a mandatory special assessment of $200.

On appeal, Mercado argues that, in accepting his guilty plea in September 2002, the district court did not comply with the requirements of Federal Rule of Criminal Procedure 11. Specifically, he contends that his guilty plea was not made knowingly and voluntarily because the district court did not advise him of his right to testify at trial, as required by the amended version of Rule 11, which took effect in December 2002. While acknowledging that the amendments to Rule 11 became effective after his plea was entered, Mercado contends that the district court's failure to comply with the amended version rendered his plea involuntary, and that even under the version of Rule 11 in effect at the time of his plea, the court should have informed him of his right to testify. In a *pro se* supplemental brief, Mercado also argues that the district court erred in refusing to grant a downward departure on the ground that his status as a career offender significantly overstated the seriousness of his criminal history.

We hold that, because Mercado's guilty plea was entered before the effective date of the amendments to Rule 11, the district court did not err in not informing him of his right to testify at trial, and that the district court's plea allocution was not deficient under the then-controlling version of Rule 11. We also find that Mercado's challenge to the district court's refusal to downwardly depart is not appealable because the judge did not misapprehend his authority to depart.

## DISCUSSION

 We review alleged Rule 11 violations for plain error where, as here, the defendant failed to object below. *See United States v. Vonn*, 535 U.S. 55, 62–63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). Mercado therefore must show that his "substantial rights" and the "fairness, integrity, or public reputation of [the] judicial proceedings" were affected by the alleged Rule 11 violation. *Id.* at 63, 122 S.Ct. 1043 (internal quotation marks omitted). Here, we need not reach the question of whether the trial court's failure to advise Mercado that he had a right to testify affected his "substantial rights" because, under the version of Rule 11 in

effect at the time of his plea, the district court did not err in failing to inform Mercado of such a right.

In September 2002, when Mercado pled guilty, Rule 11 required the court, before accepting a guilty plea, to inform the defendant that he had "the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination." Fed.R.Crim.P. 11(c)(3) (effective Dec. 1, 1999). It did not require that the court specifically advise the defendant of his right to testify at trial. In contrast, the amended Rule, effective December 1, 2002, requires the district court to advise the defendant of his right to "confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses." *Id.* 11(b)(1)(E) (effective Dec. 1, 2002).

The Supreme Court's April 29, 2002 Order promulgating the amendment to Rule 11 stated that the amendment "shall take effect on December 1, 2002, and shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." United States Supreme Court Order of April 29, 2002. As suggested by the language of the Order, Supreme Court orders approving amendments to federal procedural rules reflect "the commonsense notion that the applicability of such provisions ordinarily depends on the posture of the particular case." *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 n. 29 (1994) (explaining that a new rule of evidence promulgated after a trial would not require a remand for a new trial); *United States v. Duke*, 50 F.3d 571, 575 (8th Cir.1995) (holding that the determination of when it is "just and practicable" to apply a new

rule to a pending case must be made on a case-by-case basis). Thus, the determination as to whether to apply a new procedural rule in a pending case involves consideration of the effect, if any, that the rule will have on substantive rights, in light of the expenditure of judicial resources and the inconvenience to the parties that may result from the retroactive application of the new rule.

■ We find that the application of the amended Rule 11 to Mercado's case is not "just and practicable" because his guilty plea was entered prior to the effective date of the amendment. *Cf. United States v. Garcia*, 339 F.3d 116, 117 n. 1 (2d Cir. 2003) (assuming that the pre-amendment version of Rule 11 would control on appeal, since the amendments did not take effect until after the guilty plea was entered). Because the exact procedures of Rule 11 are not constitutionally mandated, but simply serve to ensure that a district court does not accept a plea that is not completely voluntary, *McCarthy v. United States*, 394 U.S. 459, 465, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), changes to the Rule do not create new constitutional rights or outweigh the considerations of economy and finality that militate against remanding for a new plea. *Cf. United States v. Head*, 340 F.3d 628, 630 (8th Cir.2003) (finding it "just and practicable" to apply amended rule regarding withdrawals of guilty pleas to a pending case because the amended rule was in effect by the time of the hearing on the motion to withdraw). The district court did not err in failing to advise Mercado of his right to testify at trial, because it was not required to do so under the version of Rule 11 in effect at the time of his guilty plea. *See, e.g., United States v. Tuangmaneeratmun*, 925 F.2d 797, 804 (5th Cir.1991) (holding that district court need not advise defendant of effect of sentencing guidelines because version of Rule

11 in effect at the time of plea did not include such a requirement).

Moreover, we reject Mercado's contention that, even under the prior version of Rule 11, the district court was required to advise him of his right to testify on his own behalf. Although Rule 11 is designed to assist district courts in ensuring that a defendant's guilty plea is knowing and voluntary, *see United States v. Couto*, 311 F.3d 179, 189 (2d Cir.2002), neither this Court nor the Supreme Court has added additional requirements to the Rule 11 plea colloquy beyond those specifically enumerated, *see Libretti v. United States*, 516 U.S. 29, 49–51, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) (declining to expand upon the required Rule 11 plea colloquy, on the ground that it is defense counsel's responsibility to advise defendant of other consequences of pleading guilty); *cf. United States v. Blackwell*, 199 F.3d 623, 625 (2d Cir.1999) (holding that before accepting a guilty plea, a district court must personally inform the defendant of the rights listed in Rule 11). The district court did not err in failing to advise Mercado of a right not specifically enumerated in the version of the Rule in existence at the time of his guilty plea.

Finally, we find no merit in Mercado's argument that the district court erred in denying his request for a downward departure. A district court's denial of a request for a downward departure is not appealable unless the court misapprehended the scope of its authority to depart. *See United States v. Silleg*, 311 F.3d 557, 561 (2d Cir.2002); *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996) (per curiam). Here, the record indicates that Judge Casey was aware of his authority to depart, but simply declined to do so under the circumstances. Accordingly, the district court's denial of Mercado's request for a downward departure is not appealable.

## CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.