**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2250

UNITED STATES OF AMERICA,

Appellee,

v.

JERRY MARTÍNEZ-MARTÍ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Leslie W. O'Brien, was on brief, for appellant.
Nelson Pérez-Sosa, Assistant United States Attorney, with whom
H.S. García, United States Attorney, and Sonia I. Torres-Pabón,
Assistant United States Attorney, Chief, Criminal Division, were on
brief, for appellee.

May 4, 2004

**Per Curiam**. Defendant-appellant Jerry Martínez-Martí was charged with one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846 and one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Martínez-Martí pleaded guilty to both counts and was sentenced to a term of 144 months imprisonment for the narcotics violation and 60 months imprisonment for the firearms violation, to be served consecutively. Martínez-Martí appeals the district court's acceptance of his guilty plea for the firearms possession charge because, he argues, there was an insufficient factual basis for the plea. We disagree.

At the plea hearing, the prosecutor submitted that

> [t]he evidence would have shown that [as an enforcer and supervisor of drug distribution], the defendant, Jerry Martínez-Martí would possess firearms and ensure that other members of the conspiracy would possess and use firearms in order to protect itself and the other members of the conspiracy, the drug business, the narcotics themselves, and the proceeds derived from sales of narcotics.

The plea agreement Martínez-Martí signed contained a similar description of the nature of the firearms violation. At the sentencing hearing, Martínez-Martí informed the district court that

> at no time [has] the U.S. Attorney's Office, nor my attorney, . . . handed me any evidence that directly or indirectly links me with the crime of possessing a firearm, nor of my knowing that others were using firearms . . . [but knowing] that if I am to go to trial . . . I could face a life sentence in prison . . . I make this decision to plead guilty.

-2-

In response to this statement, the prosecutor informed the district court that "there would have been more than one cooperating witness that would have testified that throughout the course of this conspiracy, on more than one occasion, that this Defendant possessed a firearm during the course of his role of that conspiracy."

The district court then asked Martínez-Martí for his response and Martínez-Martí replied that he agreed with the plea that he signed, he assumed responsibility, and he agreed with the version of the facts presented by the prosecutor. The district court then asked Martínez-Martí specifically if "you admit that you possessed weapons in connection with the traffic offense." Martínez-Martí replied "Well, yes." The district court then found that Martínez-Martí's decision to plead guilty was made "knowingly, intelligently, voluntarily, and solemnly," noting that Martínez-Martí "acknowledge[d] the prosecutor's version of the facts" which would have shown guilt beyond a reasonable doubt on both charged counts.

Martínez-Martí now contends that the district court's acceptance of the guilty plea violated Federal Rule of Criminal Procedure 11(b)(3) which requires that "[b]efore entering judgement on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Although neither party addressed the issue, it is important to note that Rule 11 was

subject to an amendment that took effect on December 1, 2002. Martínez-Martí's guilty plea and sentence took place in August 2002. Because his guilty plea was entered prior to the effective date of the amendment, the pre-amended Rule 11 applies. See United States v. Mercado, 349 F.3d 708, 710 (2d Cir. 2003), cert. denied, 124 S. Ct. 1190 (2004).

The analogous provision to current Rule 11(b)(3) in the prior version of Rule 11 is Rule 11(f), which stated that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." See Libretti v. United States, 516 U.S. 29, 38 (1995).

Martínez-Martí believes that this rule was violated because the information provided to the sentencing judge was too vague in that it failed to inform the district court when and where Martínez-Martí was alleged to have a firearm, what he actually did with a firearm that furthered the conspiracy, and what type of firearm he possessed.

When a Rule 11 challenge is made for the first time on appeal, we review for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002); see also United States v. Mills, 329 F.3d 24, 27 (1st Cir. 2003) (stating that "[an] error not objected to at the plea hearing is reversible only where the error is plain, affects the defendant's substantial rights, and seriously affects the

fairness of the proceeding.") (citations omitted). A "a district judge satisfies the requirements of Rule 11(f) when he determines that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." Libretti, 516 U.S. at 38 (internal quotations and citations omitted). "Often what the judge is told at the hearing is an abbreviated version of the full range of government evidence, omitting detail and nuance that would be offered at trial." United States v. Gandía-Maysonet, 227 F.3d 1, 6-7 (1st Cir. 2000). Rule 11(f)'s requirement -- that the trial court be satisfied that a guilty plea has a basis in fact -- is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." McCarthy v. United States, 394 U.S. 459, 467 (1969) (footnote and internal quotation omitted).

In this case, Martínez-Martí questioned whether the government had evidence linking him with the crime of possessing a firearm. In response, the prosecution asserted that they had more than one cooperating witnesses who could testify that Martínez-Martí possessed a firearm while executing his role in the conspiracy. After hearing the prosecutor's response, the judge attempted to clarify whether Martínez-Martí admitted that he possessed weapons to further the offenses. Martínez-Martí again

admitted that he did possess firearms to further the conspiracy. This colloquy proves that Martínez-Martí understood the nature of the charge against him and realized that his actions fell within that charge. The district court fulfilled its Rule 11(f) duty of "making such inquiry as shall satisfy it that there is a factual basis for the plea."

As a result, it is not a violation of the former Federal Rule of Criminal Procedure 11(f) for a judge to accept a plea where, as here, the defendant admitted that the facts at trial would have shown that he possessed firearms to further the conspiracy and where, as here, the defendant had an opportunity to explain "in his own words" whether he admitted to possessing weapons in connection with the conspiracy. For the aforementioned reasons, Martínez-Martí's conviction and sentence are affirmed.

**Affirmed**.