UNITED STATES of America,
Appellee,

v.

Raynard GRINAGE, also known as Boogee, also known as Hans, also known as Harold Phillips; Sherry Cannon; Betsy Reneau, also known as Betsy Fernandez; Rodney Thomas; Edgar Arroyo; Michael T. Garvin, also known as Miami; Michelle Williams, also known as Michelae Williams; Dean Parks, Defendants,

Sidney OSMAN, Mark Reneau,
Defendants–Appellants.

Nos. 03–1207, 03–1405.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2004.

See also 390 F.3d 746.

Donald D. duBoulay, for Defendant–Appellant, Sidney Osman, New York, NY.

David Cooper, for Defendant–Appellant. Mark Reneau, New York, NY.

Adam B. Siegel, Assistant United States Attorney for the Southern District of New York (Steven R. Glaser, Assistant United States Attorney, Diane Gujarati, Assistant United States Attorney,) New York, NY, for Appellee, of counsel.

PRESENT: SACK, McLAUGHLIN, Circuit Judges, GERSHON,[1] District Judge.

SUMMARY ORDER

Mark Reneau appeals from the July 7, 2003 judgment of the United States Dis-

---

**1.** The Honorable Nina Gershon, of the United States District Court for the Eastern District of New York, sitting by designation.

trict Court for the Southern District of New York (Sidney H. Stein, *Judge*) following his plea of guilty to conspiracy to distribute phencyclidine ("PCP"), and to a substantive offense involving PCP, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) and 846. Reneau was indicted, along with various co-defendants including Sidney Osman, whose appeal, following trial, is addressed in an opinion also filed today.

On February 20, 2002, Reneau was arrested by local authorities in New Mexico in possession of 5.4 kilograms of PCP. He waived extradition and was transferred to the Southern District of New York, where, on September 20, 2002, he pled guilty to both counts of a two count information. Count One charges Reneau with engaging in a conspiracy, from on or about January 2001 up to and including September 2001, to distribute and possess with intent to distribute one hundred grams and more of PCP or one kilogram and more of mixtures and substances containing a detectable amount of PCP, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. Count Two charges that, on or about February 20, 2002, Reneau distributed and possessed with intent to distribute approximately 5.4 kilograms of a mixture and substance containing a detectable amount of PCP, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A).

Reneau challenges the sufficiency of his factual allocution to the conspiracy count. Former Rule 11(f)[2] of the Federal Rules of Criminal Procedure requires the court to satisfy itself that there is a factual basis for the guilty plea before accepting the plea. The rule "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which

he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir.1997).

When a defendant "lets [a] Rule 11 error pass without objection in the trial court" and raises the issue for the first time on appeal, we review the trial court proceedings for plain error. *United States v. Vonn*, 535 U.S. 55, 58–59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Mercado*, 349 F.3d 708, 709 (2d Cir.2003), *cert. denied*, 540 U.S. 1169, 124 S.Ct. 1190, 157 L.Ed.2d 1220 (2004). Under the plain error standard, the defendant has the burden of showing that his "substantial rights" were affected. *Vonn*, 535 U.S. at 62–63, 122 S.Ct. 1043 (citation omitted). Although we may take into account the entire record before the district court and need not confine ourselves to the transcript of the plea proceedings, *see id.* at 74–75, 122 S.Ct. 1043, here, we need go no further than the plea proceeding itself in evaluating the sufficiency of Reneau's allocution.

■ Reneau's first argument is that the conduct to which he allocuted did not occur during the time period charged in the information. Reneau's plea allocution amply establishes facts sufficient to support a plea of guilty to his participation in a PCP distribution conspiracy between January and September of 2001. In response to a question about how much PCP Reneau himself transported during that period, Reneau stated that he made approximately four or five trips and carried anywhere from one-half gallon to two gallons on each trip. The prosecution represented that one gallon is approximately one-and-a-half kilograms of PCP. Reneau has offered nothing to contradict his sworn statements that, during the period charged, he himself transported these quantities of PCP from

---

2. Rule 11 was amended in 2002. The language requiring the court to determine that

there is a factual basis for a guilty plea is now found in subsection (b)(3).

California to New York for distribution in New York. Such statements enjoy a "strong presumption of verity." *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Rather, Reneau bases his argument that he did not allocute to acts within the charged time period on statements made by his counsel at the sentencing hearing. At sentencing, counsel stated his understanding that "to the extent that he was a substantial buyer of PCP from California, that occurred in the period 1999/2000," which was prior to the dates set forth in the information. However, this unsworn statement expressing counsel's "understanding" does not rebut Reneau's sworn statements during his plea. Moreover, at the same sentencing proceeding, counsel reiterated that Reneau had participated in the conspiracy, although he characterized Reneau's involvement as "very minor," and stated that in the past, *i.e.,* prior to the period charged in the information, Reneau "had much more substantial involvement in transporting PCP from California to New York." Counsel also stated that he believed Reneau was in Belize during much of the time that the conspiracy was ongoing. Again, this statement does not rebut Reneau's sworn plea allocution. Additionally, even if it were true, it is irrelevant to the issue; there is no reason Reneau could not be part of the conspiracy while out of the country. In short, nothing counsel said during the sentencing hearing serves to undermine the sworn statements Reneau made during his plea allocution, which establish a factual basis for the crime to which he pled guilty.

■ As for Reneau's second argument as to the conspiracy count, that he did not allocute to the particular overt act set forth in the information, the simple answer is that it was unnecessary for Reneau to do so. The Government need not prove the commission of *any* overt act to establish a conspiracy in violation of 21 U.S.C. § 846. *See United States v. Shabani,* 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). In any event, the defendant allocuted to actual distribution of PCP in Harlem and to his transportation of PCP from California to New York.

■ Turning to Reneau's lack of venue claim as to Count Two, "a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States,* 877 F.2d 207, 209 (2d Cir.1989). Venue is not jurisdictional; any objection to venue is therefore waived when a defendant enters a valid plea. *United States v. Calderon,* 243 F.3d 587, 589–90 (2d Cir. 2001).

Here, Reneau's guilty plea was knowing and voluntary. Although Reneau has only a second grade education and cannot read or write, the district court confirmed that the plea agreement had been read to him and that he had discussed it with his counsel. The plea agreement itself contained a provision waiving venue for count two, and counsel stated that he had discussed the issue with Reneau "extensively." During the plea proceeding, the prosecution stated that "Mr. Reneau has been told that he had a right and has a right to have [count two] prosecuted in New Mexico, and he understands that. He wants to enter a plea of guilty to that charge here in New York and not have the matter pursued in New Mexico." When the judge asked Reneau if that was correct, Reneau answered, "[t]hat's so." From this record, not only was there a knowing and voluntary plea, which in itself waived venue, but there was an express waiver of venue.

For the foregoing reasons, the judgment of the district court as to Reneau is hereby AFFIRMED.