UNITED STATES of America, Appellee,

v.

Ricky James NICHOLOPOLOUS, Defendant–Appellant.

No. 02–1568.

United States Court of Appeals, Second Circuit.

May 5, 2005.

---

Monica R. Jacobson, Alvy & Jacobson, New York, NY, for Appellant.

Stephan J. Baczynski, Assistant United States Attorney, Western District of New York (Michael A. Battle, United States Attorney, Western District of New York, on the brief), for Appellee.

Present: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Ricky Nicholopolous appeals from a judgment entered on August 23, 2002 in the United States District Court for the Western District of New York (Elfvin, *J.*), convicting him by guilty plea of the unlawful use of a communication facility in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 843(b). Familiarity is assumed as to the facts, the procedural history, and issues presented on appeal.

After Nicholopolous executed the plea agreement, the district court held a hearing pursuant to Fed. R.Crim. Pr. 11, and reviewed with the defendant, *inter alia,* the terms of the agreement and nature and effect of the plea, the elements of section 843(b), the facts admitted by Nicholopolous in the agreement, and the trial and appeal rights that he was waiving. The district court accepted the guilty plea. Nicholopolous was subsequently sentenced to four years' imprisonment (to run consecutively with a previously-imposed 25–years–to–life state sentence), supervised release, and a $100 special assessment.

On appeal, Nicholopolous argues that the district court did not satisfy the requirements of Rule 11, and thus erred in accepting his guilty plea. Because Nicholopolous did not raise this objection before the district court, we review for plain error. *See United States v. Mercado,* 349 F.3d 708, 709 (2d Cir.2003). Under this standard, an error may not be corrected unless it is "clear" or "obvious." *United States v. Boyd,* 222 F.3d 47, 49 (2d Cir. 2000) (quotation omitted).

Nicholopolous does not allege any error in his Rule 11 hearing.[1] Rather, he claims that statements he made at his sentencing hearing cast doubt on the knowingness, voluntariness, and factual basis of the plea. *See* Fed. R.Crim. Pr. 11(c)-(f) (2002). However, none of these statements [i] demonstrates that Nicholopolous failed to understand some aspect of the plea described in the Rule, *see id.* (c)(1)-(6); [ii] suggests that the plea was not voluntarily made, *see id.* (d); or [iii] draws into question any prior admission or fact underlying the plea, *see id.* (f). Thus, the district

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1. Nevertheless, we note that at the hearing, the district court erred by failing to personally discuss with Nicholopolous the voluntariness of the plea. *See* Fed. R.Crim. Pr. 11(d) (2002). This error was harmless; a careful review of the record leaves us with little doubt that the plea was voluntary.

court's acceptance of the plea did not constitute plain error.[2]

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

---

2. Any challenge to Nicholopolous's sentence based on *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is foreclosed. *United States v. Morgan,* 406 F.3d 135 (2d Cir.2005).

