UNITED STATES of America,
Appellee,

v.

Felix DIOMEDES, Defendant–
Appellant.

No. 03–1295–CR.

United States Court of Appeals,
Second Circuit.

June 21, 2005.

Tina Schneider, Portland, ME, for De-
fendant–Appellant.

Sarah Y. Lai, Assistant United States
Attorney (David N. Kelley, United States
Attorney, and Christopher J. Clark, Assis-
tant United States Attorney, on the brief),
Office of the United States Attorney for
the Southern District of New York, New
York, NY, for Appellee.

PRESENT: WINTER, SOTOMAYOR,
Circuit Judges, and HOLWELL, District
Judge.*

* The Honorable Richard J. Holwell, United
States District Judge for the Southern District
of New York, sitting by designation.

## SUMMARY ORDER

Felix Diomedes ("Diomedes") appeals from a judgment of conviction entered on April 14, 2003 in the United States District Court for the Southern District of New York (Buchwald, J.), following a plea of guilty. Diomedes claims that the district court erred when it failed to inform defendant of his right to testify and present evidence on his own behalf, as required by Federal Rule of Criminal Procedure 11, and that his Sixth Amendment rights were violated by the use of the federal sentencing guidelines and by the enhancement of his sentence based on facts not found by a jury beyond a reasonable doubt. We assume familiarity by the parties with the facts and procedural background of this case.

Rule 11(b)(1) provides in relevant part: Before the court accepts a plea of guilty ..., the court must inform the defendant of, and determine that the defendant understands, the following:

. . .

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. . . .

█ The district court informed Diomedes of his right to confront and cross-examine witnesses, to be protected from compelled self-incrimination, and to compel the attendance of witnesses, but the court did not expressly inform Diomedes of the right to testify and present evidence.

We review alleged violations of Rule 11 for plain error where, as here, the defendant failed to object below. *See United States v. Mercado,* 349 F.3d 708, 709 (2003). "To establish plain error, a court must find (1) an error, (2) that is plain, (3) that affects substantial rights." *United States v. Keigue,* 318 F.3d 437, 441 (2d Cir.2003) (citations and internal quotation

marks omitted); *see also* Rule 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."). A plain error affects "substantial rights" if it is "prejudicial and affects the outcome of the district court proceedings." *Keigue,* 318 F.3d at 442 (citations, internal quotation marks and alterations omitted). If the error meets these requirements, we will exercise our discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

Diomedes has failed to show that the alleged failure to comply with one subpart of Rule 11(b)(1)(E)'s requirements affected his substantial rights or that he would have acted differently at the plea proceeding if the district court had expressly informed him of his right to testify and present evidence. *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). Moreover, viewing the plea hearing as a whole, we cannot conclude that the district court's omission "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Keigue,* 318 F.3d at 445. The alleged Rule 11 violation therefore does not provide a basis for vacating the conviction.

█ Diomedes argues in the alternative that his sentence should be vacated based on *United States v. Booker,* — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Because Diomedes waived his right to appeal any sentence in the stipulated Guidelines' range of 70 to 87 months, we hold that a remand based on *Booker* is not warranted. *See United States v. Morgan,* 406 F.3d 135, 137–38 (2d Cir.2005). Diomedes maintains that the government waived any reliance on Diomedes' appeal waiver by failing to discuss the issue suffi-

ciently in its original brief on appeal. In light of the unsettled nature of the law at the time the briefs were filed, however, as well as this Court's indication that it would allow supplemental briefing after *Booker*, we hold that the government did not waive reliance on Diomedes' appeal waiver.

For the foregoing reasons, the judgment of the district court is AFFIRMED.