21-2915-cr
*United States v. Piccarreto*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-three.

Present:
>DEBRA ANN LIVINGSTON,
>>*Chief Judge*,
>BETH ROBINSON,
>MARIA ARAÚJO KAHN,
>>*Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                                                      21-2915-cr

JOHN PICCARRETO, JR.,

>*Defendant-Appellant*.

_____

For Appellee:                              KATHERINE A. GREGORY, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant:        TIMOTHY P. MURPHY, Federal Public Defender's Office, Buffalo, NY.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant John Piccarreto, Jr. ("Piccarreto") appeals from the November 15, 2021, judgment of the United States District Court for the Western District of New York (Geraci, *J.*), principally sentencing him to 84 months' imprisonment and imposing a restitution order of $19,842,613.66. Pursuant to a written plea agreement, Piccarreto pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1341 and 1349, and one count of filing a false tax return, in violation of 26 U.S.C. § 7206(1). For this Court to reach Piccarreto's claims on appeal, Piccarreto must first overcome the plea agreement he signed, which includes an appeal waiver affirming Piccarreto's waiver of the right to appeal any component of a sentence falling within or under the sentencing range of 121 to 151 months, and any restitution order not exceeding $20 million. A-25. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*  \*  \*

A defendant's knowing and voluntary waiver of the right to appeal is enforceable. *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). Here, Piccarreto argues that the record does not "clearly demonstrate" that he knowingly and voluntarily waived his right to appeal. For the following reasons, we disagree.

Federal Rule of Criminal Procedure 11(b)(1)(N) provides that during a plea colloquy, the court must inform the defendant of and determine that the defendant understands "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Fed.

R. Crim. P. 11(b)(1)(N). As we have said before, Rule 11 "is designed to assist district courts in ensuring that a defendant's guilty plea is knowing and voluntary." *United States v. Mercado*, 349 F.3d 708, 711 (2d Cir. 2003). Because Piccarreto did not object below to any alleged Rule 11 violation, we review the plea colloquy for plain error as to any violation of its terms. *See United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (holding that plain error review applies to an unpreserved Rule 11(b)(1)(N) challenge). "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we will then exercise our discretion to rectify this forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Helm*, 58 F.4th 75, 84 (2d Cir. 2023) (internal quotation marks and citation omitted).

First, regarding whether the waiver of the right to appeal the *sentence* was knowing and voluntary, the record clearly reflects that Piccarreto was fully apprised of the appeal waiver and knowingly agreed to it. At the plea colloquy, the district court confirmed that Piccarreto had not been forced, coerced, or threatened to enter the guilty plea. *See* A-29. The district court also confirmed that Piccarreto had reviewed the plea agreement with counsel, and the district court itself reviewed the terms of the plea agreement pertaining to waiver of the right to appeal a sentence within the Guidelines range. *See* A-29, A-47. Further, Piccarreto confirmed that he understood the plea agreement. *See* A-47 to -48. There is thus no basis on this record to conclude that Piccarreto's waiver of the right to appeal a sentence between or less than 121 to 151 months' imprisonment was anything but knowing and voluntary.[1]

---

[1] Nor is this conclusion undermined by the fact that the district court's articulation of the waiver at the plea colloquy did not follow the exact text of the plea agreement. *Compare* A-47 ("If, in fact, the Court imposed a sentence *in accordance with the guidelines*, notwithstanding the manner in which the Court determines the sentence, do you understand you're waiving or giving up your right to appeal the sentence?" (emphasis added)), *with* A-25 ¶ 34 ("The defendant . . . knowingly waives the right to appeal

On the other hand, the district court arguably erred by neglecting to review the waiver of the right to appeal the *restitution order* at the plea colloquy. *See* A-47; *cf. United States v. Ready*, 82 F.3d 551, 557–58 (2d Cir. 1996) (finding that waiver of right to appeal was not knowingly made where the district court did not mention the right to appeal or explain the consequences of waiving this right); *United States v. Pagliuca*, 767 F. App'x 93, 95 (2d Cir. 2019) (summary order) ("While the district court ensured that Pagliuca understood that he was giving up his right to appeal his conviction and sentence, the court did not specifically point out that Pagliuca could only appeal a fine of more than $300,000. Arguably, then, the court may not have verified that Pagliuca understood the breadth of the waiver." (internal quotation marks, alteration, and citation omitted)).

However, any Rule 11 error was not plain because Piccarreto has not shown that it affected his substantial rights. *See United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018) ("In the Rule 11 context, we have interpreted the [substantial rights] prong of the plain-error test to require that a defendant show a reasonable probability that, but for the error, he would not have entered the plea." (internal quotation marks and citation omitted)). Here, several parts of the record indicate that Piccarreto understood he was waiving his right to appeal his restitution order and would still have entered the plea. First, he signed the plea agreement, in which he agreed to waive his right to appeal a restitution order that did not exceed $20 million. *See* A-25 to -26. At the plea colloquy, the district court confirmed that Piccarreto knew he faced restitution in the amount of at least $18,601,364 to the victims and $519,812 to the Internal Revenue Service. *See* A-46. The

---

and collaterally attack any component of a sentence imposed by the Court *which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth . . . above,* notwithstanding the manner in which the Court determines the sentence." (emphasis added)). The district court's articulation was not plainly erroneous, in that a sentence imposed "in accordance with the Guidelines" meant, in context, one that "falls within" the Guidelines sentencing range the district court had just reviewed with Piccarreto, and to which Piccarreto had agreed. At any rate, and contrary to Piccarreto's claim, we do not believe this phrasing casts doubt on his understanding of the plea proceeding.

district court also confirmed that Piccarreto had reviewed the plea agreement with counsel and understood it. *See* A-29, A-47 to -48. Finally, the district court did confirm that Piccarreto understood he was waiving his right to appeal the sentence. *See* A-47. In combination, these factors are sufficient to assure us that Piccarreto's substantial rights were not affected, and that he knowingly and voluntarily waived his right to appeal. *Cf. Pagliuca*, 767 F. App'x at 96–97.

*     *     *

We have considered Piccarreto's remaining arguments and find them to be without merit. Accordingly, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
