**UNITED STATES of America,**
**Appellee,**

v.

Ray **ARGENTINA, Robert Brasco, and David Rankins, Defendants–Appellants.**

Docket Nos. 03–1162(L), 03–1231(CON), 03–1600(CON).

United States Court of Appeals, Second Circuit.

July 1, 2005.

James E. Neuman, New York, N.Y. (Robert Y. Altchiler on the brief) for Ray Argentina; William I. Aronwald, Aronwald & Pykett, White Plains, NY, for Robert Brasco; and Marjorie M. Smith, Englander & Smith, Tappan, NY, for David Rankins, for Appellants.

Lisa A. Baroni, Assistant United States Attorney, Southern District of New York, New York, N.Y. (Jesse Furman and Peter Neiman, Assistant United States Attorneys, on the brief), on behalf of David N. Kelley, United States Attorney, for Appellee.

Present: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

---

\* The Honorable Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of conviction be **AFFIRMED,** and this case be **REMANDED** with instructions to vacate and resentence pursuant to *United States v. Fagans,* 406 F.3d 138, 140–41 (2d Cir.2005).

Ray Argentina, Robert Brasco, and David Rankins appeal from judgments of conviction entered in the United States District Court for the Southern District of New York (Martin, *J.*) on April 9, 2003, March 17, 2003, and September 29, 2003, respectively. We assume that the parties are familiar with the facts, the procedural context, and the issues on appeal.

A. *Argentina's Claims*

1. The district court did not abuse its discretion in limiting Argentina's cross-examination of Leo Lehman and Special Agent Batt. *See United States v. Rosa,* 11 F.3d 315, 335–36 (2d Cir.1993).

2. While certain statements made by the prosecutor during summation were improper, this misconduct was not egregious, and therefore does not merit vacatur. *United States v. Shareef,* 190 F.3d 71, 78 (2d Cir.1999) (court considers severity of misconduct, curative measures, and strength of Government's case in deciding whether vacatur is appropriate).

3. Argentina's sentence violated the Sixth Amendment. *See United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 755–56, 160 L.Ed.2d 621 (2005).

4. The district court did not err in calculating Argentina's Guidelines sentence. Specifically, the district court's drug quantity finding was not clearly erroneous. *See United States v. Garcia,* 413 F.3d 201, 220–23 (2d Cir.2005) (reviewing facts underlying Guidelines calculation for clear error).

B. *Brasco's Claims*

1. The Government's delay in bringing charges against Brasco was not improper. *See United States v. Cornielle,* 171 F.3d 748, 752 (2d Cir.1999) (due process violation where delay substantially prejudiced the defendant and was "an intentional device to gain a tactical advantage over the accused" (quotation omitted)). The death of an informant cannot plausibly be deemed an advantage for the Government, absent some extraordinary showing that is not made here.

2. The district court did not abuse its discretion in admitting hearsay testimony under the excited utterance exception, Fed.R.Evid. 803(2). *See United States v. Scarpa,* 913 F.2d 993, 1015, 1017 (2d Cir. 1990).

3. We review for plain error Brasco's claim that the admission of the hearsay violated *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). *See United States v. Dukagjini,* 326 F.3d 45, 59–61 (2d Cir.2003); *cf. United States v. Boyd,* 222 F.3d 47, 49 (2d Cir.2000) (error is "plain" if it is clear or obvious). It is not clear or obvious that the admission of the statements at issue was barred by *Crawford. See Mungo v. Duncan,* 393 F.3d 327, 336 n. 9 (2d Cir.2004) (doubting that *Crawford* applies to excited utterances made to police officers under "emergency circumstances" to help authorities apprehend suspects).

4. There was sufficient evidence for the jury to convict Brasco on the specified RICO counts. *See United States v. Rodriguez,* 392 F.3d 539, 544 (2d Cir.2004).

5. Brasco's sentence violated the Sixth Amendment. *See Booker,* 125 S.Ct. at 755–56.

6. There was no error in the calculation of Brasco's Guidelines sentence. Specifically, under the mandatory Guidelines

system, a district court was not required (or, for that matter, permitted) to correct for disparities between co-defendants' sentences. *See United States v. Minicone,* 960 F.2d 1099, 1112 (2d Cir.1992).

### C. *Rankins's Claims*

1.  There was sufficient evidence for the jury to convict Rankins. *See Rodriguez,* 392 F.3d at 544.

2.  The district court did not abuse its discretion in denying Rankins's severance motion. *See United States v. Aulicino,* 44 F.3d 1102, 1117 (2d Cir.1995) (reversal authorized only where denial "resulted in prejudice so severe that [the] conviction constituted a miscarriage of justice").

3.  Rankins's sentence violated the Sixth Amendment. *See Booker,* 125 S.Ct. at 755–56.

4.  The district court did not err in calculating Rankins's Guidelines sentence. Specifically, the district court's intended loss amount finding was not clearly erroneous. *See Garcia,* 413 F.3d at 220–23; *United States v. Jacobs,* 117 F.3d 82, 95 (2d Cir.1997).

We have considered the defendants' remaining claims—including those raised in Rankins's post-argument brief—and find each of them to be without merit.

For the foregoing reasons, the judgments of conviction are hereby AFFIRMED and this case is REMANDED with instructions to vacate and resentence pursuant to *United States v. Fagans,* 406 F.3d 138, 140–41 (2d Cir.2005) (remanding

for resentencing where *Booker* objection was made in district court).[1]

---

1.  Brasco made a *Booker* objection in the district court that, on the facts of this case, was sufficient to preserve the claim of error as to all three defendants. *See United States v. Lefkowitz,* 284 F.2d 310, 313 & n. 1 (2d Cir. 1960) (excusing defendant's failure to object where co-defendants "called the matter to the judge's attention and further exception would have been fruitless").