**UNITED STATES of America,
Appellee,**

v.

**Ray ARGENTINA, Defendant–
Appellant.**

**No. 06–1989–cr.**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2008.

Jane Elizabeth Lee, Portland, ME, for Defendant–Appellant.

W.S. Wilson Leung, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Southern District of New York, on the brief, Daniel A. Braun, of counsel), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Following a jury trial in the United States District Court for the Southern District of New York (Martin, *J.*), Defendant–Appellant Ray Argentina was convicted of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to commit fraud, in violation of 18 U.S.C. § 371; conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846; and distribution and possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 812, 841(a)(1) & 841(b)(1)(A), and 18 U.S.C. § 2. During the original sentencing proceeding, the district court held a *Fatico* hearing and determined that between 15 and 50 kilograms of cocaine were attributable to Argentina. The district court then sentenced Argentina principally to a term of 324 months' imprisonment (the minimum Guidelines sentence). On appeal, we specifically affirmed the district court's drug quantity calculation, but remanded for further proceedings pursuant to *United States v. Fagans,* 406 F.3d 138 (2d Cir. 2005). *See United States v. Argentina,* 137 Fed.Appx. 428 (2d Cir.2005). On remand, the district court (Wood, *C.J.*) * rejected Argentina's request for a second *Fatico* hearing and imposed the same sentence of 324 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

█ Argentina argues that Judge Wood failed to resentence him *de novo* because she declined to hold a second *Fatico* hearing to assess the credibility of Ken Cardona, the sole source of evidence supporting

---

* Judge Martin retired and the case was reassigned to then-Judge Wood.

Judge Martin's drug quantity calculation. Because Argentina preserved this issue, we assume error *arguendo,* and review for harmless error. *United States v. Villafuerte,* 502 F.3d 204, 207 (2d Cir.2007) (citing *United States v. Haynes,* 412 F.3d 37, 39 (2d Cir.2005) (per curiam); Fed. R.Crim.P. 52(a)).

We specifically affirmed Judge Martin's drug quantity determination on Argentina's first appeal. The mandate rule would normally preclude Argentina from relitigating this issue. *See Burrell v. United States,* 467 F.3d 160, 165 (2d Cir.2006). There is, however, an exception to the mandate rule for " 'cogent' and 'compelling' reasons such as . . . 'the availability of new evidence.' " *United States v. Quintieri,* 306 F.3d 1217, 1230 (2d Cir.2002) (quoting *United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir.2000)). Argentina asserts that new evidence, in the form of documents relating to a government interview of an associated drug dealer who allegedly never mentioned delivering drugs to Argentina, provides such an exception and required Judge Wood to hold a second *Fatico* hearing. However, even assuming *arguendo* that the district court erred in declining to revisit the drug quantity calculation in light of this new evidence, the error would have been harmless because the absence of a reference to Argentina does not exculpate him, nor does it contradict Cardona's *Fatico* testimony.

■ Argentina also argues that Judge Wood's failure to read the entire trial transcript and her denial of his request for a second *Fatico* hearing violated his Sixth Amendment right to a "non-mandatorily imposed sentence." Argentina cites no legal authority for this proposition nor does

he adduce any evidence that Judge Wood failed to consider the record.

Finding no merit in Argentina's remaining arguments, the judgment of the district court is hereby **AFFIRMED.**