UNITED STATES of America,
Appellee,

v.

Ray ARGENTINA, Defendant,

David Rankins and Robert Brasco,
Defendants–Appellants.

Nos. 07–1033–cr(L), 07–1360–cr(con).

United States Court of Appeals,
Second Circuit.

June 4, 2008.

Laurie S. Hershey, Manhasset, NY, for Appellant David Rankins.

Brian Sheppard, New Hyde Park, NY, for Appellant Robert Brasco.

Katherine Polk Failla, Assistant United States Attorney (Lisa A. Baroni, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Robert Brasco and David Rankins appeal from judgments of conviction entered in the United States District Court for the Southern District of New York (Wood, C.J.) on November 22, 2006, and February 23, 2007, respectively. These are defen-dants' second appeals; their first appeals resulted in affirmance of their convictions, vacatur of their sentences, and remand for resentencing pursuant to *United States v. Fagans,* 406 F.3d 138 (2d Cir.2005). *See United States v. Argentina,* 137 Fed.Appx. 428 (2d Cir.2005). Familiarity with the underlying facts, the procedural history, and the issues presented for review are presumed.

A. *Brasco.* Brasco argues that his Confrontation Clause rights were violated by the admission of hearsay, and by the government's failure to preserve the declarant's testimony before his death. These arguments are foreclosed by the law of the case doctrine, as we addressed them on Brasco's first appeal. *See United States v. Quintieri,* 306 F.3d 1217, 1229 (2d Cir.2002). We identify no intervening change of controlling law or other compelling reason that warrants revisiting our previous rulings on these issues. *See United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir.2000).

B. *Rankins.* Rankins's Rule 33 motion for a new trial based on newly discovered evidence was properly denied as untimely. *See* Fed.R.Crim.P. 33 (requiring such motion to be "filed within 3 years after the verdict or finding of guilty").

Having finished serving his sentence of incarceration, Rankins has withdrawn his appeal insofar as it affects his sentence.

Finding no merit in Brasco's or Rankins's remaining arguments, we hereby **AFFIRM** the judgments of the district court.