UNITED STATES Of America,
Appellee,

v.

Frank Smith CASTILLO, also known
as Raul Omega Torres, Defendant–
Appellant.

No. 05–3710–cr.

United States Court of Appeals,
Second Circuit.

April 20, 2006.

Yuanchung Lee, Appeals Bureau, Federal Defenders of New York, Inc., New York, N.Y., for Appellee.

Eugene Ingoglia, Assistant United States Attorney (Kevin R. Puvalowski, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States

Attorney for the Southern District of New York, New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. GERARD E. LYNCH,* District Judge.

**SUMMARY ORDER**

Frank Smith Castillo ("Smith Castillo") appeals from a judgment of conviction entered on May 2, 2005, in the United States District Court for the Southern District of New York. Following a one-week trial conducted by District Judge Brieant,[1] a jury found Smith Castillo guilty of one count of conspiracy to commit armed back robbery, in violation of 18 U.S.C. § 371; three counts of armed robbery, in violation of 18 U.S.C. § 2113(a) & (d); and three counts of using or carrying a firearm that was fitted with a silencer and brandished during a crime of violence, in violation of 18 U.S.C. § 924(c). On appeal, Smith Castillo argues (1) that a new trial is warranted because the district court violated Federal Rule of Evidence 404(b) by allowing the prosecution to introduce evidence of a prior crime without restricting the scope or limiting the use of that evidence, (2) that trial counsel rendered ineffective assistance regarding this evidence of a prior act by failing to ask the trial court to pare down the evidence and/or to give a limiting instruction regarding its proper use, and (3) that the sentencing judge erred in imposing restitution in an amount above the jury's finding. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

■ Smith Castillo's first argument, improper admission of unrestricted testimonial evidence concerning a prior bad act, is subject to plain error review. Though defense counsel objected to the admission of the contested testimony as a whole, trial counsel did not ask the district judge to restrict the scope of the testimony or issue limiting instructions, as the defendant argues on appeal should have been done. *See* Fed.R.Crim.P. 52(b) (defining plain error in terms of those errors "not brought to the court's attention"); *see also United States v. Perrone*, 936 F.2d 1403, 1413 (2d Cir.1991) (applying plain error where a defendant "did not request additional curative instructions or move for a mistrial"). On plain error review, we cannot say that the district judge committed an " 'egregious and obvious' " error, for which reversal is " 'necessary to redress a miscarriage of justice.' " *United States v. Tracy*, 12 F.3d 1186, 1195 (2d Cir.1993) (quoting *United States v. Tillem*, 906 F.2d 814, 825 (2d Cir.1990)).

In the alternative, Smith Castillo argues that he should be granted a new trial because his trial counsel rendered ineffective assistance in failing to ask Judge Brieant to trim the scope of the contested prior act testimony, or to give a limiting instruction to the jury about the proper use of this evidence. We have expressed a "baseline aversion to resolving ineffectiveness claims on direct review," though we have "entertained ineffective assistance claims for the first time on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Khedr*, 343 F.3d

* The Honorable Gerard E. Lynch, of the United States District Court for the Southern District of New York, sitting by designation.

1. Judge Brieant presided over Smith Castillo's trial, but at the request of both parties, the conviction was consolidated for the purposes of sentencing with docket number 05–2220–cr, which is presently also on appeal to this court. Judge Wood conducted the consolidated sentencing.

96, 99, 100 (2d Cir.2003) (internal quotation marks omitted). We cannot say that the resolution of this issue is "beyond any doubt," and therefore we decline to resolve it in the current appeal.

■ The final issue on appeal, Smith Castillo's only challenge to his sentence, is whether the district court's award of restitution violated Sixth Amendment under the *Apprendi–Blakely–Booker* line of cases and whether, on these facts, the district judge found sufficient facts to support her restitution award by any standard of proof. The first question is squarely controlled by our recent opinion in *United States v. Reifler,* 446 F.3d 65, 113–14 (2d Cir.2006) (concluding "that the imposition of restitution orders based on the district judges' findings by a preponderance of the evidence did not constitute error under *Apprendi, Blakely,* and *Booker*"). We have also held that it does not violate *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) for the trial court to take acquitted conduct into account in determining a sentence. *See United States v. Vaughn,* 430 F.3d 518, 526 (2d Cir.2005). The second question posed by Smith Castillo is resolved by our prior ruling that a restitution order may hold a defendant liable for "the reasonably foreseeable acts of all co-conspirators," even though the jury acquitted the defendant as to some aspects of the conspiracy. *United States v. Boyd,* 222 F.3d 47, 51 (2d Cir.2000) (per curiam). Smith Castillo's conviction for the conspiracy to rob the eight banks therefore permitted the district court to set a restitution amount based on the full losses incurred, despite the hung jury on certain of the substantive counts for bank robbery. The district court had before it the pre-sentence report enumerating the government's evidence adduced at trial. On that basis the district court could properly find by a preponderance of the evidence that Smith Castillo was liable for the full loss amount.

We have considered all of Smith Castillo's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.