**UNITED STATES of America,**
**Appellee,**

v.

**Michael GEIGER, Peter Gerace,**
**Defendants–Appellants.**

**Nos. 06–3259–cr(L), 06–3260–cr(con).**

United States Court of Appeals,
Second Circuit.

Aug. 21, 2007.

Joseph J. Karaszewski, Assistant United States Attorney, for Terrance P. Flynn, United States Attorney for the Western District of New York, Buffalo, N.Y.

Joseph M. Latona, Buffalo, N.Y., for Defendant–Appellant Michael Geiger.

Herbert Greenman, Buffalo, N.Y. (Paul J. Cambria, Jr., Roger W. Wilcox, Jr., on the brief), for Defendant–Appellant Peter Gerace.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Michael Geiger and Peter Gerace appeal from July 6, 2006 judgments of the United States District Court for the Western District of New York (Skretny, *J.*), sentencing each of them to five months' imprisonment and five months' home detention, three years of supervised release, joint and several restitution in the amount of $271,928.00, and a special assessment of $50.00. We assume the parties' familiarity with the facts and procedural history of the case.

Appellants claim that the district court erred by holding them liable for the losses suffered by all the victims of the fraud perpetrated by Advanced Distributing. This argument is without merit. We review for clear error this aspect of a district court's order to make restitution under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663. *See United States v. Porter*, 90 F.3d 64, 68 (2d Cir. 1996). This Court has held that the VWPA "provide[s] for restitution payable by all convicted co-conspirators in respect of damage suffered by all victims of a conspiracy, regardless of the facts underlying counts of conviction in individual prosecutions." *United States v. Boyd*, 222 F.3d 47, 50 (2d Cir.2000) (per curiam). The undisputed facts in their plea agreements and in the Presentence Reports, upon which the district court relied, satisfactorily establish a single conspiracy to defraud customers, in which these defendants were full participants. They incorporated Ad-

vanced Distributing and were its officers and owners. They hired employees to act as front sales people and reload sales people to attempt to sell marked up products. The supplemental PSRs of June 12, 2006 identified 98 victims of the conspiracy, who suffered losses equaling $271,928.00. Defendants' company was the direct recipient of these monies. In these circumstances, the district court did not err in holding Appellants responsible for the full amount of these losses.

The judgments of the district court are **AFFIRMED.**