08-0600-cr
United States of America v. Tawik

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand ten.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

>  *Appellee,*

>  -v.-                                           No. 08-0600-cr

ADAM TAWIK,

>  *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**     ROBERT A. CULP, Garrison, NY.

**FOR APPELLEE:**     KATHERINE POLK FAILLA, Assistant United States Attorney for the Southern District of New York (Parvin Moyne, Assistant United States Attorney, *of counsel*, Preet Bharara, United States Attorney, *on the brief*), New York, NY

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED** with respect to Counts One and Two and **VACATED,** on the stipulation of the parties, with respect to Count Three. We **REMAND** the cause to the District Court for resentencing.

Defendant-Appellant Adam Tawik ("defendant" or "Tawik") appeals from a final judgment dated July 22, 2008 of the United States District Court for the Southern District of New York. Defendant and William Nkrumah ("Nkrumah") were convicted, following a jury trial, of one count each of access device fraud in violation of 18 U.S.C. § 1029(a)(5) and (b)(1); conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2); and aggravated identity theft, in violation of 18 U.S.C. § 1028A. We assume parties' familiarity with the facts and procedural history of this case. Defendant appeals on six grounds.

## I.

Defendant claims that the government did not have sufficient evidence to show that he was a member of a conspiracy or that he was present for both generator deliveries. We review *de novo* a claim of insufficient evidence, applying the same standards as the district court. *United States v. Yanotti*, 541 F.3d 112, 120-21 (2d Cir. 2008). To prevail, defendant must establish that no rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime charged. *See Jackson v. Virginia*, 443 U.S 307, 319 (1979).

"To prove conspiracy, the government must show that the defendant agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." *United States v. Monaco*, 194 F.3d 381 (2d Cir. 1999) (internal quotation marks omitted). The evidence necessary to link a defendant to a conspiracy "may be circumstantial in nature." *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 113 (2d Cir. 2008). *See also United States v. Samaria*, 239 F.3d 228, 234 (2d Cir. 2001) ("A defendant's participation in a criminal conspiracy may be established entirely by circumstantial evidence, and, once a conspiracy is shown to exist, the evidence sufficient to link another defendant to it need not be overwhelming.") (internal quotation marks omitted).

The government offered evidence that Tawik was present at both illegal deliveries, and that he twice signed another name to receive the generators. We are persuaded that the record shows that the jury had sufficient evidence to support its findings.

## II.

Defendant argues that the admission of testimony regarding three matters constituted impermissible hearsay under Federal Rule of Evidence 801: "(1)Voellm's identification of Tawik as the person who signed for the generators during the second delivery; (2) Voellm's failure to identify Nkrumah in a photo array shown to him one week prior to trial; and (3) Inspector Moriarty's testimony regarding prior statements he made relating to Voellm's out-of-court identification." Gov't. Brief 27. The record supports the District Court's evidentiary rulings.

Here, Defendant objected to some—but not all—of the District Court's evidentiary rulings. We review a evidentiary rulings for "abuse of discretion," *see, e.g. United States v. Kelley*, 551 F.3d 171, 174 (2d Cir. 2009), but where there was no objection, we review for plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. *United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000). A trial judge abuses his discretion when he rules "in an arbitrary or irrational fashion." *United States v. Kelley*, 551 F.3d at 175. "A finding of plain error requires '(1) error, (2) that is plain, and (3) that affects the defendant's substantial rights.'" *United States v. Gomez*, 580 F.3d 94, 100 (2d Cir. 2009) (quoting *United States v. Carter*, 489 F.3d 528, 537 (2d Cir. 2007)). If the first three criteria are met, this court will exercise its discretion to remedy the error if (4) "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Carter*, 489 F.3d at 537. Under either standard, we affirm the rulings of the District Court.

The government used statements by Detective Fitzgibbon about Voellm's earlier testimony and the photo array to impeach Voellm's testimony. As the trial transcript reveals, during a lengthy sidebar regarding several evidentiary issues, the District Court gave both defendants the option of calling Voellm back to testify. Tr. 346. Neither defendant chose to do so. Accordingly, under Federal Rule of Evidence 801(d)(1)(C) we do not find any error in the admission of this testimony.

The third example of alleged improper hearsay testimony took place during the examination of Inspector Moriarty, when the government sought permission from the District Court to clarify whether Moriarty had testified before the Grand Jury that Tawik had signed for the generators. The District Court said, "There is no harm done in straightening out that this witness didn't tell one story at trial, one story at grand jury. I am not letting anything new in. I am going to allow the question." App. 224. Because no new information was brought in during this examination by the government, and defendant had a full opportunity to cross-examine Moriarty, we find no error.

3

## III.

Defendant claims that Counts One and Two of his indictment were "duplicitous" because they charged multiple, separate crimes in the same counts. "An indictment is impermissibly duplicitous where: (1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be 'a separate count for each offense,' and (2) the defendant is prejudiced thereby." *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001) (quoting *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980)). "As long as the essence of the alleged crime is carrying out a single scheme to defraud, then aggregation is permissible." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989).

In general, failure to raise the question of "duplicity" in a pretrial motion constitutes a waiver of that argument. *See* Fed. R. Crim. P. 12(b)(3) (noting that defects in an indictment "must be raised before trial"); *Sturdivant*, 244 F.3d at 76 ("Since the alleged duplicitous character of the counts appears on the face of the indictment, appellants could have moved before trial to dismiss the indictment. Failure to make the appropriate motion is a waiver."). In the absence of waiver, if we were to reach the merits of this claim, we would have no difficulty concluding that the government's theory in the case was to charge defendants with a single scheme to defraud that included multiple deliveries. In sum, the claim of "duplicitous" indictment is without merit.

## IV.

Defendant claims that he suffered from ineffective assistance of counsel at trial because his former attorney failed to move for a new trial under Rule 33 of the Federal Rules of Criminal Procedure: "Counsel owed it to Mr. Tawik to at least try this motion, there being no down side and given how close the case was. Judge Scheindlin's remarks at the sentencing demonstrate the prejudice in not making the motion, as she all but said that defendant was indeed the dupe of Nkrumah." Def.'s Brief 57.

In general, "a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance of counsel." *Massaro v. United States*, 538 U.S. 500, 505 (2003). But we will address an ineffective assistance claim on direct appeal if "the resolution of the claim[ ] 'is beyond doubt or to do so would be in the interest of justice.'" *United States v. Hasan*, 586 F.3d 161, 170 (2d Cir. 2009) (quoting *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (internal quotation marks omitted)). This is such a case.

4

"To establish a claim of ineffective assistance, the defendant must establish: (1) that counsel's performance was so unreasonable under prevailing professional norms that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment . . . and (2) that counsel's ineffectiveness prejudiced the defendant such that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (internal quotation marks omitted)). In applying the first prong of the test, we "indulge . . . a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and that "[e]ven the best criminal defense attorneys would not defend a client in the same way." *Strickland v. Washington*, 466 U.S. at 689. To prevail, a defendant must also meet the test of the second prong of *Strickland*—that is, defendant must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Defendant does not meet his burden under the first prong of *Strickland*. We have held that "it can hardly constitute ineffective assistance to fail to present a claim via a Rule 33 motion that . . . is without merit." *U.S. v. Castillo*, 14 F.3d 802, 805 (2d Cir. 1994). Given the evidence against defendant, a decision by counsel not to make a motion under Rule 33 was not unreasonable.

Even if defendant met his burden under the first prong, he would not meet his burden under the second prong. Under the second prong of *Strickland* we need only determine whether a Rule 33 motion would have likely changed the outcome of the trial. As the government notes, the comment of the District Court on which defendant relies was made during sentencing, as part of an argument that the "two year term of imprisonment mandated by 18 U.S.C. § 1028A was unduly 'high for this conduct.'" Gov.'t Brief 53. In light of its context, the District Court's passing comment was not a sign of the weakness of the evidence against defendant. Indeed, given the weight of the evidence against defendant, it is highly unlikely that a Rule 33 motion would have succeeded on the merits. Because defendant would be unable to meet his burden under either prong of *Strickland*, we reject his claim of ineffective assistance of counsel.

## V.

Relying upon the Supreme Court decision in *Flores-Figueroa v. United States*, 129 S.Ct. 1886 (2009), defendant moves to vacate his conviction under Count Three. The government "concedes that the jury was improperly instructed on the elements of the Section 1028A offense in light of the Supreme Court's intervening decision [in *Flores-Figueroa*]." Gov.'t Brief 14. Accordingly, we vacate the conviction on Count Three.

5

## VI.

Defendant claims that due to lack of sufficient evidence that he was involved in the first delivery, the cause should be remanded for resentencing under a lower Guidelines range.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted). Our review has "two components: procedural review and substantive review." *Id.* We "first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). We then engage in review of the substantive reasonableness of the sentence and reverse only when the court's sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

Defendant argues that there was insufficient evidence that he was present at the first delivery. We have rejected those arguments above. *See* I, *ante.* Accordingly, following *de novo* review, we hold that the District Court did not err in its sentence. Nevertheless, in light of the vacatur of defendant's conviction on Count Three, the District Court will need to resentence on remand.

## CONCLUSION

We have considered all of defendant's arguments and, with one exception, have found them unpersuasive. For the reasons stated above, the convictions on Counts One and Two are **AFFIRMED** and the conviction on Count Three is **VACATED**, with the agreement of the government. We **REMAND** the cause for resentencing only.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

6