12-134-cr
United States v. Smith

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand thirteen.

PRESENT: DENNY CHIN,
         CHRISTOPHER F. DRONEY,
                  <u>Circuit Judges</u>,
         JANE A. RESTANI,
                  <u>Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                  <u>Appellee</u>,

                  -v.-                                12-134-cr

NATASHA SMITH,
                  <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      Paul A. Murphy, Sandra S. Glover,
                                   Assistant United States Attorneys,
                                   <u>for</u> David B. Fein, United States
                                   Attorney for the District of
                                   Connecticut, New Haven,
                                   Connecticut.

FOR DEFENDANT-APPELLANT:           Todd A. Bussert, Frost Bussert LLC,
                                   New Haven, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Hall, <u>J.</u>).

---

[*]     The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Natasha Smith was convicted, following a plea of guilty, of one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2). During her plea allocution, Smith admitted that she agreed with others to steal credit card numbers from patrons of a restaurant where she worked by using a skimming device, and that she could foresee that those credit card numbers would be used by her coconspirators in an unauthorized manner. The district court sentenced her to three years' probation and ordered her to pay restitution in the amount of $135,888.04, to be paid jointly and severally with any other defendants convicted of the same conspiracy, at a rate of $400.00 per month.

On appeal, Smith challenges the restitution order entered against her. She argues that the district court erred by (1) ordering her to pay restitution for losses caused by the actions of her coconspirators, and (2) improperly failing to apportion the loss in light of her indigence and lesser role in the offense. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Ordinarily, "[i]n the case of restitution orders, we review issues solely of law de novo, findings of adjudicative fact for clear error, and the multi-factor balancing aspects of such an order for abuse of discretion." United States v. Cadet, 664 F.3d 27, 34 (2d Cir. 2011) (citation omitted). Where "a

defendant fails to object to the restitution order at the time of sentencing," however, our review is for plain error. United States v. Zangari, 677 F.3d 86, 91 (2d Cir. 2012).

The Mandatory Victims Restitution Act of 1996 (the "MVRA"), 18 U.S.C. § 3663A, applies to all offenses, like Smith's, involving fraud or deceit where an identifiable victim sustained a loss. See 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii), (c)(1)(B). The MVRA defines the term "victim" as:

> a person directly and proximately harmed as a result of the commission of an offense . . . including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

18 U.S.C. § 3663A(a)(2). "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." Id. § 3664(h). In United States v. Boyd, 222 F.3d 47 (2d Cir. 2000) (per curiam), we held that the district court could impose restitution holding the defendant liable for the "reasonably foreseeable acts of all co-conspirators," even where the jury had acquitted the defendant as to some aspects of the conspiracy. Id. at 51. In particular, we noted that "[w]here . . . a conspiracy has multiple victims, the [MVRA] allow[s] the sentencing court to order a single defendant to pay restitution for all losses caused by the actions of that defendant as well as by the actions of that defendant's

- 3 -

co-conspirators, or, in its discretion, to allocate restitution proportionately among culpable parties."  Id. at 50.

Because Smith was convicted of a conspiracy to commit access device fraud, the district court properly ordered restitution for all losses caused by Smith, as well as by the reasonably foreseeable actions of her coconspirators.  See id. at 50-51.  Smith stipulated in her plea agreement that the total losses sustained as a result of the charged conspiracy were $135,888.  Although she reserved the right to seek to have the restitution obligation arising from those losses apportioned among her and her coconspirators, and she requested the court to impose restitution only for the losses resulting from credit cards she personally swiped, she did not contest that the full amount of losses resulting from the conspiracy were $135,888. Further, the record demonstrates that -- as the district court found -- Smith was aware that her coconspirator also was stealing credit card information, making it reasonably foreseeable that the conspiracy would cause substantial losses to card holders. Accordingly, we conclude that the district court did not err in holding Smith responsible for losses resulting from the actions of her coconspirators in furtherance of the conspiracy.

Further, the district court correctly noted that it had the discretion to apportion liability among Smith and her coconspirators or to hold Smith jointly and severally liable for the full loss caused by the conspiracy.  See 18 U.S.C. § 3664(h). In exercising its discretion, the court properly considered Smith's level of contribution to the victims' losses and her

- 4 -

economic circumstances.  See id.  The court offered Smith an opportunity to argue that her financial resources rendered her incapable of repaying the full amount of loss, and even ordered Smith to pay a lesser monthly restitution payment than Smith represented she could make.  Accordingly, we conclude that the district court did not abuse its discretion in holding Smith jointly and severally liable for the full amount of losses suffered by victims of the conspiracy rather than apportioning the restitution liability among Smith and her coconspirators.

We have considered Smith's remaining arguments and conclude that they lack merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk