15-2630-cr(L)
*United States v. Robinson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of June, two thousand seventeen.

PRESENT:   RALPH K. WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Appellee,*

           v.                                    15-2630-cr(L)
                                                 15-2750-cr(CON)

SEAN ROBINSON, AKA Sean Vicks, AKA Luca
Brasi, AKA Luca,
                *Defendant-Appellant,*

ALLEN WILLIAMS, AKA Sealed Defendant 1,
ROBERTO GRANT, AKA Roberto Cross, AKA Berto,
TERRELL RATLIFF, TYRONE DEHOYOS, AKA
Tyrone Cross, RALIK HANSEN, AKA Rahlik, AKA
Rah, RONALD MCINTYRE, KENDAL THOMPSON,
COURTNEY HARDIN, AKA Mazie, AKA Mozie,
JAMAL DEHOYOS, RYAN CAMPBELL, AKA Shaky,
                *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:     MARSHA R. TAUBENHAUS, Law Offices of Marsha R. Taubenhaus, New York, New York.

FOR APPELLEE:     ANDREA M. GRISWOLD, Assistant United States Attorney (Richard Cooper, Michael Ferrara, Assistant United States Attorneys, *on the brief*), *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

In April 2015, defendant-appellant Sean Robinson pled guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951. On August 14, 2015, the district court entered judgment sentencing him to 240 months' imprisonment and ordering him to pay $1,106,000 in restitution to specified robbery victims who suffered losses as a result of the charged conspiracy. Robinson challenges the restitution order on the grounds that the restitution amount included losses caused by two robberies for which he was not charged and with which he did not admit involvement. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In October 2014, a grand jury indicted Robinson and other defendants for, *inter alia*, a Hobbs Act robbery conspiracy, and charged, as overt acts in Count One,

seven robberies committed on specified dates in specified locations. Robinson was named as participating in the first six overt acts but not the seventh, the robbery of a Cartier jewelry store in New York City on January 30, 2014 (the "Cartier robbery"). In April 2015, he pled guilty to the conspiracy count and agreed to a Guidelines calculation of the offense level that specifically considered the first six robberies but not the Cartier robbery.

The presentence report recommended a sentence of 240 months and a restitution amount of $1,106,000 on account of losses suffered in six robberies: five of the seven listed in the conspiracy count, including the Cartier robbery, as well as an August 3, 2013 robbery of Schwarzschild's Jewelers in Richmond, Virginia (the "Schwarzschild robbery"), a robbery that was not described in the indictment at all. The losses from the Cartier robbery and the Schwarzschild robbery were $700,000 and $100,000, respectively. Robinson did not submit any objections to the restitution recommendation or findings in the presentence report, nor did he raise any restitution objections in his sentencing submissions.

At sentencing, Robinson confirmed he had no objections to the presentence report or to the restitution amount proposed by the court. The court sentenced him to 240 months' imprisonment and ordered him to pay $1,106,000 in restitution to the six victims identified in the presentence report. The judgment of conviction was filed on August 14, 2015. This appeal followed.

On December 21, 2016, a motions panel dismissed Robinson's appeal with respect to the imprisonment term on waiver grounds, but declined to summarily affirm the appeal with respect to restitution. Accordingly, only the restitution portion of the district court's judgment is before us now.

"[W]here, as here, a defendant fails to object to the restitution order at the time of sentencing, our review is for plain error." *United States v. Zangari*, 677 F.3d 86, 91 (2d Cir. 2012); *see also United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000) (per curiam) ("Peck raised no objection, either in her sentencing memorandum or during the sentencing hearing, to paying full restitution."). Plain error is error that (1) is plain, (2) affects substantial rights, and (3) seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010).

We find no such error here. The presentence report contained findings that (1) Robinson and other individuals conspired to commit robberies together in several states including New York, New Jersey, and Virginia; (2) co-conspirators committed the Schwarzschild robbery on August 3, 2013 and the Cartier robbery on January 30, 2014, both of which fell within the period of the conspiracy charged in Count One; (3) the conspiracy caused at least $1,106,000 in total losses to Schwarzschild's Jewelers, Cartier, and other victims; and (4) Schwarzschild's Jewelers suffered $100,000 in losses and Cartier suffered $700,000 in losses. Robinson did not

challenge these findings in his objections to the presentence report, in his sentencing submissions, or at the sentencing proceeding, even when the district court specifically asked if he had any objections to the report. The court implicitly (if not explicitly) adopted the report's identification of restitution victims and loss amounts when it ordered Robinson to pay a total restitution amount of $1,106,000, the same number from the report, "to the victims listed at page 32 of the presentence report pro rata according to their losses." App. 110. In light of these circumstances, even assuming there was error, the district court's inclusion of the Cartier and Schwarzschild's Jewelers losses in the restitution amount did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Bonilla*, 618 F.3d at 111.

We have considered Robinson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk