21-1802
*United States v. Miner*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of October, two thousand twenty-two.

PRESENT:
>    DENNY CHIN,
>    SUSAN L. CARNEY,
>    BETH ROBINSON,
>        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

>    *Appellee*,

>            v.                                                    No. 21-1802-cr

JOSEPH MINER,

>    *Defendant-Appellant*.

_____

FOR APPELLANT: BENJAMIN SILVERMAN, Law Office of Benjamin Silverman, New York, NY.

FOR APPELLEE: KEVIN TROWEL, Assistant United States Attorney (Artie McConnell & Josh Hafetz, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph Miner appeals the district court's July 13, 2021, judgment sentencing Defendant to 57 months' imprisonment for one count of possession of defaced firearms, *see* 18 U.S.C. § 922(k), and argues that the district court violated his First Amendment rights in sentencing him. For the reasons set forth below, we affirm.

Miner was active on social media and many times publicly expressed deeply racist and anti-Semitic views, sometimes accompanied by messages

glorifying violence.[1]  Defendant's social media posts caught the attention of law enforcement, and the government tasked FBI agents with monitoring Defendant.  Several Instagram posts indicated Defendant's desire to engage in violent anti-social behavior, and the government used an undercover informant to record conversations with Defendant.  These conversations included statements made by Defendant that he wanted to obtain assault weapons and firearms.  He ultimately purchased several illegal weapons from the informant: an AR-15 style ghost gun with a silencer, a Mossberg 500 shotgun with an obliterated serial number, and an M&P "Shield" nine-millimeter, semi-automatic pistol with an obliterated serial number.

In May 2020, government officials arrested Miner as he was leaving the meeting with the informant, during which he purchased the weapons.  In January 2021, the parties entered a plea agreement whereby Miner agreed to plead guilty to one count of possessing a defaced firearm in violation of 18 U.S.C. § 922(k) and waived his right to appeal a sentence that did not exceed 60 months' imprisonment.  At the close of the sentencing hearing, the district court entered

---

[1] These facts are drawn from the district court's written Memorandum & Order recounting the court's sentencing analysis.  *United States v. Miner*, No. 20-cr-00554, 2021 WL 2953178 (E.D.N.Y. July 13, 2021).  On appeal, Miner does not challenge these facts.

final judgment and sentenced Miner to 57 months—the top of the applicable Guidelines range.  In the course of the sentencing proceeding, the court made a number of statements that Miner contends shows that the court improperly punished him not for his crime, but for his views and opinions, in violation of the First Amendment.  Miner now appeals.  We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

Miner's First Amendment claim challenging the district court's sentencing based on its closing statements fails because evidence of Miner's beliefs and affiliations, on which the district court commented, was relevant to the sentence it imposed.[2]  At the conclusion of the sentencing proceeding, after reviewing the § 3553(a) factors in detail, the district court commented on Miner's "racist, anti-Semitic, misogynistic, gun-buying, criminal" character, as well as his expressed Nazi sympathies.  Miner contends that the district court's closing statements show that it sentenced him based on his "abstract beliefs," rather than proper sentencing considerations.  Appellant's Br. 17.

---

[2] We do not reach the question of whether Miner has waived his right to pursue this appeal because, as discussed below, his argument fails on the merits in any event.

As a threshold matter, the parties dispute the applicable standard of review. The government argues that because Miner did not object to the district court's statements at sentencing until this appeal, we should review the district court's statements and the sentence that it ultimately imposed for plain error. *See United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000). Miner argues that because the alleged constitutional violation arose during sentencing, without prior notice to the parties, and without proper opportunity to object, we should apply "relaxed" plain error review. *See, e.g.*, *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002) (applying a relaxed plain error standard to review a condition of supervised release where defendant had no prior notice of the condition and did not object). We need not resolve this question because, for the reasons set forth below, we conclude that under either standard, Miner's challenge fails.

Miner argues the district court violated his First Amendment rights by punishing him for his racist, anti-Semitic, and far right-wing views. According to Miner, the district court's statements reflected that the court considered his beliefs for the impermissible purpose of showing that Miner and his beliefs were morally reprehensible and sentenced him to punish him for these views.

Miner's argument is unpersuasive. The district court's statements must be understood in the context of its overall sentencing analysis. To determine the appropriate sentence for Miner's illegal conduct, the district court considered the statutory factors in 18 U.S.C. § 3553(a). First, the court considered Miner's "history and characteristics," which included his history of posting racist, anti-Semitic, and violent statements online. 18 U.S.C. § 3553(a)(1). In analyzing this first factor, the court pointed to, among other things, a photograph Miner posted of himself standing in a Nazi salute, holding a knife, with the caption, "Overthrow Jews, overthrowing Jews is our Christian duty." Jt. App'x 107–08. The court also examined Miner's posts about "martyring" himself, "going out in a blaze of glory," and "acquiring weapons for 'Boogaloo'[3] purposes." *Id.* at 108–09. The court noted that Miner stated: "Some day, I will probably have to shed my blood or go to prison for the things I do and stand for." *Id.* at 109–10. The court also noted his history of "obtain[ing] tactical military gear and firearms leading up to the instant offense." *Id.* at 110. This includes his purchase of body armor and a ballistic helmet, in addition to his purchase of the illegal assault

---

[3] The district court advised that "Boogaloo is a well known slang for racial civil war in the United States." Jt. App'x 109.

weapons resulting in his arrest. *Id.* And second, in light of this and other evidence, the court considered the need to deter Miner from his "inclination toward violence, racist, and anti-Semitic behavior," as required under § 3553(a)(2).[4] *Id.* at 112. Miner does not challenge the court's § 3553(a) analysis.

The district court's final remarks, particularly objected to by Miner on appeal, reflect its considered conclusion that Miner purchased illegal assault weapons "to further his white nationalist ambitions." *Miner*, 2021 WL 2953178, at *2. The district court explained that because of Miner's "racist, anti-Semitic, [and] misogynistic views," coupled with his "gun buying," he "presented a clear and present danger to the American public." *Id.* at *5. In response to mitigating evidence Miner presented to minimize his social media posts and future threat, the district court found Miner's arguments unpersuasive and explained that Miner's social media posts "revealed him[] to be a full-blown Nazi." *Id.* ("When someone shows you who they are, believe them, the first time."). The district court's reasoning, therefore, concerned both motive and potential for violence to

---

[4] Although Miner disavowed any propensity for violence and claimed the purchased weapons were for self-defense, the district court determined that his purchases of military-grade weapons, accompanied by his violent statements, demonstrated a threat to the community. Jt. App'x 109–10. This was not error. *See United States v. Brown*, 479 F.2d 1170, 1174–75 (2d Cir. 1973) (upholding the sentencing court's determination that defendant's words "could properly have raised a serious question" as to defendant's threat of violence to the community).

the community—two considerations that this Court has upheld as permissible and relevant to sentencing. *United States v. Stewart*, 686 F.3d 156, 170 (2d Cir. 2012) (reiterating that evidence of beliefs or associational activities may be weighed by the sentencing court so long as they are relevant to prove permissible sentencing factors, such as motive); *United States v. Brown*, 479 F.2d 1170, 1174 (2d Cir. 1973) (affirming sentencing court's consideration of defendant's beliefs as relevant to the threat of violence to the community).

Because the district court sentenced Miner using factors permissible— indeed, required by—§ 3553(a), Miner's First Amendment claim fails.

* * *

We have considered Miner's remaining arguments and conclude that they are without merit.[5] We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] Because we conclude the district court did not err, and remand is not warranted, we do not address Miner's argument that we should reassign this case to a different judge on remand.