24-812-cr
*United States v. Goorahoo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> MARIA ARAÚJO KAHN,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                              24-812-cr

BRIAN GOORAHOO,

> *Defendant-Appellant.*

---

FOR DEFENDANT-APPELLANT:    EDWARD S. ZAS, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:    ELIZABETH D'ANTONIO (Susan Corkery, *on the brief*), Assistant United States Attorney, *for* John J. Durham, Interim United States Attorney for the Eastern District of New York, New York, NY.

Appeal from the March 11, 2024 judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Brian Goorahoo ("Goorahoo") appeals from the district court's March 11, 2024 judgment of conviction following his guilty plea to one count of possessing child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Goorahoo was sentenced to two months' imprisonment and five years of supervised release, and he was ordered to pay restitution awards of $3,000 and $10,000, respectively, to two victims depicted in the pornography he possessed. We assume familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

On appeal, Goorahoo challenges the district court's basis for the $10,000 restitution order, which was entered pursuant to 18 U.S.C. § 2259. However, Goorahoo did not raise this argument before the district court, and at oral argument, his counsel agreed that plain

error applies to our review of his argument on appeal. *See* Oral Argument at 12:36–13:12. To show plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted and quotation marks omitted).

Prior to sentencing, Goorahoo objected to the restitution amount of $10,000 requested by both one of the victims and the government. He argued that nothing in the record warranted awarding different restitution amounts to the two victims and urged that both victims should receive the statutory minimum restitution award of $3,000. In support of his argument, Goorahoo further noted that the victim for whom the $10,000 restitution award was requested has had many other restitution orders entered in her favor in similar cases and predicted that more defendants will be ordered to pay restitution to her in the future.

At sentencing, the district court acknowledged that it was required to determine the full amount of each victim's losses and then to fashion restitution awards in an amount that comported with Goorahoo's relatively limited role in the causal process that led to each victim's stated losses. In fashioning the $10,000 restitution award at issue on appeal, the district court stated that it considered the victim's total estimated losses,

3

including her past and estimated future medical costs, as well as her impact statement and her psychological evaluation. Responding to Goorahoo's pre-sentencing objection, the district court explained that the $10,000 restitution award was justified because the victim experienced serious, ongoing harm and had substantial past and estimated future financial losses, less than half of which had been recovered from defendants in other cases. App'x 619. The $10,000 restitution award in this case thus posed no risk of overcompensation. *See* 18 U.S.C. § 2259(b)(2)(C) (providing that "[a] victim's total aggregate recovery pursuant to [§ 2259] shall not exceed the full amount of the victim's demonstrated losses").

The district court appropriately weighed the harm to the victim against the individualized nature of Goorahoo's possession crime. It therefore did not plainly err in imposing the $10,000 restitution award. *See United States v. Boyd*, 222 F.3d 47, 49 (2d Cir. 2000) (per curiam).

Notwithstanding the above, we observe that it would be error for a district court to award restitution based on a victim's recovery or lack of recovery from other defendants. Instead, courts should be mindful to clearly and specifically determine restitution by referencing the factors outlined in *Paroline v. United States* and considering the proximate role of only the defendant before it in causing the victim's losses. *See* 572 U.S. 434, 459–61 (2014).

\* \* \*

4

We have considered Goorahoo's remaining arguments and conclude that they are without merit. For the reasons set forth above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court